**UNITED STATES of America, Plaintiff,**

v.

**Meyer FRIED and Fannie Fried, Defendants.**

**No. 62 C 224(3).**

United States District Court E. D. Missouri, E. D.

Aug. 21, 1963.

Richard D. FitzGibbon, Jr., U. S. Atty., John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

Max Sigoloff, Gerald Cohn, St. Louis, Mo., for defendant.

REGAN, District Judge.

This action is brought by the Government under Title 26 U.S.C. §§ 7401 and 7403 to reduce to judgment the unpaid balance due on income tax liabilities of the defendants for the years 1952, 1953 and 1954. The tax liabilities, and penalty and interest additions to the tax, totaling $122,872.55, were determined by a stipulated decision of the Tax Court of the United States in the case of Meyer Fried and Fannie Fried v. Commissioner of Internal Revenue, which decision was entered June 13, 1962. It is undisputed that payments have been made on the tax liabilities so as to diminish the liability as determined by the Tax Court. The Government introduced Form 899 entitled "Certificate of Assessment and Payments" showing the balance unpaid, plus interest and penalties, as computed by the Commissioner of Internal Revenue.

Defendants do not question the validity of the tax lien but answer that the tax liabilities for the years involved have been fully paid. It is defendants' position that during each of the years in question the Government had received from the taxpayer an amount in excess of the income tax liability for each respective year, and that under the provisions of

Section 3694 of the Internal Revenue Code of 1939, the amount collected should be first applied to income tax due in the year of collection, thus extinguishing the tax liability for those years.

Section 3694 which is a part of the sub-chapter entitled "Distraint" and appears under the caption "Distraint on Personal Property", reads as follows:

> "*Priority of specific tax liability on distrained property* When property subject to tax, but upon which the tax has not been paid, is seized upon distraint and sold, the amount of such tax shall, after deducting the expenses of such sale, be first appropriated out of the proceeds thereof to the payment of the tax. And if no assessment of such tax has been made upon such property, the collector shall make a return thereof in the form required by law, and the Commissioner shall assess the tax thereon. 53 Stat. 452."

The records and the files of the Court show that the payments made during the years 1952, 1953 and 1954 were derived from monthly collections on promissory notes and deeds of trust belonging to the taxpayer which were placed in the hands of a trustee for the purpose of collection and liquidation to satisfy the tax liability of the defendants which was previously assessed and unpaid. The trust arrangement was apparently the result of an agreement between the Collector of Internal Revenue and the taxpayer entered into during April, 1952.

Defendants' reliance upon the application of Section 3694 is untenable. Section 3694 refers to "property subject to tax * * * seized upon distraint and sold". The property, if defendants intend the notes and deeds of trust, was not shown to be seized upon distraint, and furthermore was not property subject to a specific tax. If defendants refer to the proceeds of the collection and liquidation of the notes and deeds of trust as the "property" under Section 3694, the description "seized upon distraint and sold" is not satisfied. The Statute cannot be applied to income tax on the collection proceeds as defendants apparently contend. Income tax liability could not be finally computed until the close of the taxable year and was not assessable on a monthly basis.

Furthermore, the evidence indicates that the taxpayer understood and consented to the application of the proceeds from the promissory notes and deeds of trust to assessments for years prior to 1952.

The Government has established the validity of its claim, and, subject to any payments since the date of the hearing, the amount thereof. Section 3694 does not apply, and, therefore, the liability remains unpaid. Plaintiff is entitled to judgment for the unpaid balance of tax liabilities for the years 1952, 1953 and 1954, plus interest. The entry of judgment will be withheld until the amount thereof has been computed by the parties in accordance with these Findings and Conclusions and has been approved by the Court.